[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17531
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cr-60185-WJZ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAZARO MORA GUTIERREZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 8, 2017)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Lazaro Mora Gutierrez appeals his 12-month and 1-day sentence, after pleading guilty to obstructing an officer from boarding a vessel in violation of 18 U.S.C. § 2237(a)(2)(A).[1]  Gutierrez, along with ten other migrants from Cuba, sought to enter the United States near Dania Beach, Florida.  They were spotted by a Coast Guard vessel which, with the aid of Customs and Border Protection (CPB) agents, attempted to detain the migrants at sea.  The migrants violently resisted this attempt, and their homemade vessel eventually reached the Florida shore.  Shortly thereafter, Gutierrez was arrested by local law enforcement officers who were awaiting the arrival of the migrants.  On appeal, Gutierrez argues that the District Court clearly erred by enhancing his sentence under § 2A2.4(b)(1)(B) of the United States Sentencing Guidelines for the possession and threatened use of a dangerous weapon.  He concedes he possessed a knife at the time of his arrest, but contends there was no evidence he ever threatened to use the weapon.

We review a district court's interpretation of the sentencing guidelines and its application of the guidelines to the facts *de novo*.  *United States v. Amedeo*, 370 F.3d 1305, 1312 (11th Cir. 2004).  Findings of fact by the trial court at sentencing, however, are reviewed only for clear error.  *United States v. Renick*, 273 F.3d 1009, 1021 (11th Cir. 2001).  For a finding to be clearly erroneous, we "must be

---

[1] Before entering a plea agreement Gutierrez underwent a four day trial in which the jury had difficulty reaching a unanimous verdict as to one of the two original counts in his indictment.  The District Court subsequently relied on evidence presented at trial during Gutierrez's sentencing hearing.

left with a definite and firm conviction that a mistake has been committed."
*United States v. Foster*, 155 F.3d 1329, 1331 (11th Cir. 1998).

If a defendant challenges the factual basis for his sentence or for the application of a sentencing enhancement, the government must prove the disputed fact by a preponderance of the evidence. *United States v. Sepulveda*, 115 F.3d 882, 890 (11th Cir. 1997). This burden must be satisfied by specific and reliable evidence. *Id.* When evidence comes in the form of witness testimony, determining the credibility of the witness is firmly in the province of the sentencing court as the factfinder. We thus defer to that court's credibility determination unless its finding is "'contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it.'" *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (quoting *United States v. Eddy*, 8 F.3d 577, 580 (7th Cir. 1993)).

Pursuant to United States Sentencing Guideline § 2A2.4(b)(1), a defendant's base offense level will be increased by three levels if "a dangerous weapon (including a firearm) was possessed and its use was threatened." U.S.S.G. § 2A2.4(b)(1)(B). Gutierrez raises a specific factual objection to the application of this sentencing enhancement to his case. Although he does not dispute that he possessed a knife when he abandoned the migrant vessel and made his way to

shore, he argues the United States presented insufficient evidence to establish he ever threatened use of the knife.[2]

We disagree and find the government provided sufficient evidence to justify the District Court's application of a three level sentencing enhancement under § 2A2.4(b)(1)(B). During the initial trial proceeding, Josh Kessler, a road patrol deputy employed by the Broward County Sheriff's Department, offered testimony indicating Gutierrez leapt off the migrant boat in shallow water brandishing the knife in an overhand motion before holding the weapon against his stomach. Deputy Kessler further testified Gutierrez only relinquished the knife upon being struck by munitions fired from a nonlethal bean bag launcher after making landfall. Although Gutierrez subsequently provided a contrary account of these events to law enforcement, the District Court's decision to impose a § 2A2.4(b)(1)(B) enhancement "based on testimony and evidence offered at trial" represents an implicit decision to credit Deputy Kessler's testimony over Gutierrez's contrary statements. The District Court's determination of witness credibility is entitled to significant deference in this context, and we do not find this decision so "unbelievable" as to warrant reversal. *See Ramirez-Chilel*, 289 F.3d at 749.

---

[2] The parties spend considerable time arguing over whether the application of § 2.A2.4(b)(1)(B) could also be justified by the Gutierrez's alleged possession and threatened use of a machete while he was on board the migrant vessel from Cuba. However, the District Court did not rely on this alternative ground to justify application of the sentencing enhancement, and so we do not consider these arguments. Further, Gutierrez does not challenge the substantive reasonableness of his sentence, and has accordingly waived the issue. *See United States v. Levy*, 379 F.3d 1241, 1242 (11th Cir. 2004).

Furthermore, the circumstances surrounding Gutierrez's apprehension, as affirmed in his plea agreement, provide strong evidence in support of the District Court's decision to credit Deputy Kessler's testimony.   Gutierrez and the other migrants fleeing Cuba by boat had been engaged in a desperate fight with law enforcement officials seeking to prevent them from reaching shore.  During the encounter, the migrants behaved aggressively, threatening to harm themselves with knives and machetes as CPB agents attempted to board the vessel.[3]  The migrants also used machetes to cut away ropes and netting deployed by CPB officers in their attempts to stop the boat short of reaching land.  These circumstantial factors support the District Court's decision to credit Deputy Kessler's testimony regarding Gutierrez's threatened use of the knife he carried.

 Gutierrez repeatedly argues the evidence adduced at trial only proves he possessed a dangerous weapon.  This argument misses the mark.  Deputy Kessler's testimony, particularly in light of the extremely volatile circumstances surrounding Gutierrez's apprehension, provided a strong basis for the District Court's factual determination that Gutierrez threatened the use of his knife before being disarmed by law enforcement officials.  Certainly we are not left with "a definite and firm conviction that a mistake has been committed [by the District Court]." *Foster*, 155 F.3d at 1331.  Because specific and reliable evidence supported the application of

---

[3] Gutierrez himself claimed he would rather die than return to Cuba while being interviewed by federal officials following his apprehension.

§ 2A2.4(b)(1)(B) to Gutierrez's sentence, the District Court did not clearly err in imposing the enhancement.

**AFFIRMED.**