PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
09/24/98
THOMAS K. KAHN
CLERK

————————————————

No. 97-4786

————————————————

D. C. Docket No. 96-653-CR-LCN

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLAUDE FOSTER,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

**(September 24, 1998)**

Before TJOFLAT, BARKETT and MARCUS, Circuit Judges.

MARCUS, Circuit Judge:

This is an appeal from a 41-month sentence for conspiracy to possess counterfeit currency in violation of 18 U.S.C. § 371, and making counterfeit currency in violation of 18 U.S.C. § 471, imposed as the result of a plea agreement. On appeal Defendant Claude Foster ("Foster") argues that 1) the district court erred in failing to grant a downward departure because the government engaged in sentencing manipulation; and 2) the district court erred in enhancing Foster's sentence because it erroneously considered Foster's knowledge of

printing to be a special skill and assessed him a two-level upward adjustment under section 3B1.3, U.S. Sentencing Guidelines Manual (1997) ("U.S.S.G.").

We have fully reviewed the record and the briefs and have carefully considered each of the issues on appeal, and, finding no merit to either, we affirm the ruling of the district court. Only one issue, a matter of first impression in this Circuit, merits any discussion -- whether printing is a "special skill" as defined in the U.S. Sentencing Guidelines, U.S.S.G. § 3B1.3.

We review the district court's legal interpretation of the term "special skills" de novo, United States v. Malgoza, 2 F.3d 1107, 1110 (11th Cir. 1993), but the district court's factual findings as to whether a defendant has a special skill pursuant to U.S.S.G. § 3B1.3 is reviewable for clear error. Id.; see also United States v. Carlson, 87 F.3d 440, 446 (11th Cir. 1996); United States v. Shenberg, 89 F.3d 1461, 1478 (11th Cir. 1996). For a factual finding to be "clearly erroneous," the Court, after reviewing all of the evidence, must be left with a definite and firm conviction that a mistake has been committed. General Trading Inc. v. Yale Materials Handling Corp. 119 F.3d 1485 (11th Cir. 1997). Where the evidence has two possible interpretations, the district court's choice between them cannot be clearly erroneous. Malgoza, 2 F.3d at 1111 (citing Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985)).

Under section 3B1.3 of the U.S. Sentencing Guidelines, a special skill "refers to a skill not possessed by members of the general public and usually requiring substantial education, training or licensing. Examples would include pilots, lawyers, doctors,

2

accountants, chemists and demolition experts." U.S.S.G. § 3B1.3, Application n.2. The Guidelines explain that "[t]his adjustment applies to persons who abuse their . . . special skills to facilitate significantly the commission or concealment of a crime. Such persons generally are viewed as more culpable." Id. It has generally been recognized that the "special skill" enhancement provision of section 3B1.3 "applies only if the defendant employed a 'special skill' in the form of a pre-existing, legitimate skill not possessed by the general public to facilitate the commission or concealment of a crime." United States v. Young, 932 F.2d 1510, 1513 (D.C.Cir. 1991). In United States v. Malgoza, we observed that this section extends to defendants who commit their crimes through the use of unique technical skills not necessarily acquired through formal education. 2 F.3d at 1110-11 (holding §3B1.3 applied to defendant using advanced radio operating ability to facilitate drug trafficking).

Other circuit courts of appeals have addressed this issue and concluded that printing is a "special skill" under the Sentencing Guidelines. See United States v. Sharpsteen, 913 F.2d 59, 62 (2nd Cir. 1990) (district court did not abuse its discretion in finding that defendant's expertise as a printer constituted a special skill that significantly facilitated the commission of the offense by operating a printing press that produced counterfeit money); United States v. Foster, 876 F.2d 377, 378 (5th Cir. 1989) (based on testimony that work with a printing press required a high level of technical skill, printing is a special skill that requires

substantial training)[1]; United States v. Moore, 29 F.3d 175 (4th Cir. 1994) (president of a printing company and his co-owner were found to possess a special skill in printing); cf. United States v. Fuente-Kolbenschlag, 878 F.2d 1377 (11th Cir. 1989).

Plainly, printing is a skill "not possessed by members of the general public." U.S.S.G. § 3B1.3.  Although printing does not require licensing or formal education, it is a unique technical skill that clearly requires special training.  A layperson on the street would not be competent to prepare and operate a printing press, or perform the other activities required in the printing process.  Thus, we hold that printing is a special skill under section 3B1.3. Having reached this conclusion, the only questions remaining are whether the facts of this case support the finding that Foster possessed the skill of printing and, if so, whether he engaged in printing "in a manner that significantly facilitated the commission . . . of the offense." U.S.S.G. § 3B1.3.  On the record before us, we find that the district court did not clearly err in finding that Foster possessed this skill -- he had worked for about a year in a legitimate printing business -- and that he used the skill in "significantly facilitating the commission of his crime."  Notably, Foster came to the United States with serial numbers and negatives needed to further the printing process, he helped set up and calibrate the printing machinery, and he assisted in the operation of the printing machines.  See United

---

[1]In Foster, defendant pleaded guilty to photographing federal reserve notes with intent to counterfeit.  While the Fifth Circuit held that the district court correctly found that printing was a special skill which Foster possessed, the court reversed the district court's sentence because "the printing skill was not used in connection with the offense charged."  876 F.2d at 378.  See also United States v. Green, 962 F.2d 938 (9th Cir. 1992)(preexisting skill in printing does not facilitate the crime of photographing federal reserve notes.)

4

States v. Carlson, 87 F.3d 440, 446 (11th Cir. 1996) ("The development of a laboratory to produce illegal drugs is a threshold component to a successful" execution of the crime.); Malgoza, 2 F.3d 1107, 1110 (11th Cir. 1993) (The individual's "knowledge of radio frequencies, ability to set up the necessary equipment and ability to operate the radio" must all be considered in determining whether the defendant possessed "special skills."). Accordingly, we conclude that the judgment of the district court must be, and is, AFFIRMED.