[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 19, 2006
THOMAS K. KAHN
CLERK

No. 05-12653
Non-Argument Calendar

_____

D. C. Docket No. 04-14052-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ONAS RICHMOND BARR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 19, 2006)**

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Onas Richmond Barr appeals his sentence imposed after pleading guilty to knowingly aiding and assisting an alien who has been convicted of an aggravated felony to enter the United States, in violation of 8 U.S.C. § 1327. Barr asserts the district court erred in applying a two-level sentence enhancement for recklessly causing a substantial risk of death or serious bodily injury to another person pursuant to U.S.S.G. § 2L1.1(b)(5). The district court did not err, and we affirm.

We review the district court's finding of fact that there was reckless conduct creating a substantial risk of death or serious bodily injury for clear error. *United States vs. Rodriguez-Lopez*, 363 F.3d 1134, 1136-37 (11th Cir. 2004). For a factual finding to be clear error, we must, after reviewing all the evidence, have a definite and firm conviction that a mistake has occurred. *United States v. Foster*, 155 F.3d 1329, 1331 (11th Cir. 1998).

When a defendant is convicted of smuggling, transporting, or harboring an unlawful alien, the Guidelines provide for a two-level enhancement to the defendant's total offense level where he intentionally or recklessly created a substantial risk of death or bodily injury to another person. U.S.S.G. § 2L1.1(b)(5). The commentary notes the reckless conduct adjustment applies to a wide variety of conduct, including "carrying substantially more passengers than the rated capacity of a motor vehicle or vessel." U.S.S.G. § 2L1.1, comment. (n.6).

2

The district court applied the enhancement based on an overcrowded means of transport with no safety equipment. This application falls squarely within the parameters of the Guidelines commentary that "carrying substantially more passengers than the rated capacity of a motor vehicle or vessel" can constitute a situation creating such a risk. *Id.* We have also favorably noted the decisions of other Circuits applying this enhancement to defendants transporting aliens in overcrowded motor vehicles or without seatbelts. *Rodriguez-Lopez*, 363 F.3d at 1138. Additionally, the conclusion can reasonably be drawn that Barr, who was the undisputed captain of the vessel, knew piloting an overcrowded boat across open waters with no safety equipment created a substantial risk for those on board. The district court's finding that Barr recklessly created a substantial risk of death or serious bodily injury to another person was not clearly erroneous.

AFFIRMED.