[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 10, 2006
THOMAS K. KAHN
CLERK

No. 06-10584
Non-Argument Calendar

_____

D. C. Docket No. 03-00749-CR-1-BBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OMAR ANTWAN WALKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 10, 2006)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

A jury convicted Omar Antwan Walker on all four counts of a superceding

indictment: Counts One and Four, interstate transportation of a stolen vehicle, in violation of 18 U.S.C. § 2312; Count Two, assault on a federal officer, in violation of 18 U.S.C. § 111(a) & (b); Count Three, carjacking, in violation of 18 U.S.C. § 2119. The district court sentenced Walker to terms of imprisonment totaling 162 months. He now appeals his convictions, raising three issues:

1) whether the district court erred in denying his motion to suppress evidence;

2) whether the court erred in allowing the admission into evidence of an out-of-court identification; and

3) whether the court abused its discretion in allowing the Government to introduce under Federal Rule of Evidence 404(b) evidence of a prior act to prove appellant's intent.

Agents of the FBI attempted to arrest Walker on a fugitive warrant stemming from an incident in Kalamazoo, Michigan. The agents learned that Walker was staying with his cousin, Michael Pamplin, in an Atlanta, Georgia apartment and attempted to arrest him while he and Pamplin were driving out of the apartment complex. After a brief confrontation, Walker was able to flee from the complex parking lot by ramming his car into a vehicle an agent had parked in front of Walker's car in an attempt to block him from exiting the parking lot.

2

Walker was apprehended a short time later in Indiana. At the trial in this case, the Government introduced the details of the Kalamazoo incident, which involved Walker ramming his car into a car driven by a police officer and almost running over a second police officer while attempting to avoid the officers' attempt to arrest him.

The first issue on appeal concerns the district court's denial of Walker's motion to suppress the evidence found in some bags Walker left in Pamplin's apartment. He asks us to reverse the court's ruling because the court based it on the erroneous finding that he had abandoned his bags.

"As rulings on motions to suppress involve mixed questions of fact and law, the district court's factual findings are reviewed under the clearly erroneous standard, while that court's application of the law is subject to de novo review." United States v. Ramos, 12 F.3d 1019, 1022 (11th Cir. 1994). "Because the concept of abandonment 'involves a factual issue,'. . . a district court's finding of abandonment is reviewed under the clearly erroneous standard . . ." Id. For a factual finding to be clear error, the court, after reviewing all the evidence, must have a definite and firm conviction that a mistake has occurred. United States v. Foster, 155 F.3d 1329, 1331 (11th Cir.1998).

"In determining whether there has been abandonment, the critical inquiry is

whether the person prejudiced by the search []voluntarily discarded, left behind, or otherwise relinquished his interest in the property in question so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search." Ramos, 12 F.3d at 1022 (internal quotation and emphasis omitted). "Whether abandonment occurred is a question of intent which may be inferred from acts, words and 'other objective facts.'" Id. at 1022-1023. Events that occurred after the abandonment can be considered as evidence of a defendant's intent to abandon the property. United States v. Winchester, 916 F.2d 601, 604 (11th Cir. 1990). "While [Walker] bear[s] the burden of proving a legitimate expectation of privacy in the areas searched, . . . the burden of proving abandonment is on the government." Ramos, 12 F.3d at 1023.

We uphold the district court's denial of Walker's motion to suppress because the court's finding that Walker abandoned his bags was not clearly erroneous. While there was no evidence that conclusively established that Walker intended to abandon his property, the fact that he knew the authorities were after him and that they knew he had been staying with Pamplin strongly supports the inference that when Walker fled from the apartment parking lot, he did not plan to return.

Addressing the second issue on appeal, Walker asserts that the district court erred in admitting the out-of-court identification testimony of the carjacking

4

victim, particularly without holding an evidentiary hearing because the photographic array presented to the witness was unduly suggestive.

Whether the admission of an out-of-court identification violates the defendant's due process rights is a mixed question of fact and law that is subject to plenary review. Cikora v. Dugger, 840 F.2d 893, 895 (11th Cir. 1988). We review a district court's finding that a pretrial identification procedure was not impermissibly suggestive for clear error. See id. at 896. We apply a two-step analysis in assessing the constitutionality of the decision to admit an out-of-court identification. Id. at 895. First, we determine whether the original identification procedure was unduly suggestive. Id. If we conclude that the procedure was suggestive, we then consider whether, under the totality of the circumstances, the identification was still reliable. Id. In making this determination, we consider five factors: (1) opportunity to view; (2) degree of attention; (3) accuracy of the description; (4) level of certainty; and (5) length of time between the crime and the identification. Id.

We find no error in the court's admission of the out-of-court identification because the finding that the identification was not impermissibly suggestive was not clearly erroneous. The photographic array included six similar looking African-American males who were similar in complexion and had short hair.

5

There was no evidence that officers directed the victim's attention to Walker's photograph, and, although there are some differences between each photo, nothing unreasonably suggested that Walker was the actual suspect in the offense. Furthermore, even if the lineup was suggestive, the identification by the victim was still reliable under the totality of the circumstances.

As to the third and final issue, Walker argues that the court abused its discretion in allowing the Government to introduce evidence relating to the Kalamazoo incident because the probative value of the evidence was outweighed by the undue prejudice.

We review a district court's decision to admit Rule 404(b) evidence for an abuse of discretion. United States v. Miller, 959 F.2d 1535, 1538 (11th Cir. 1992). Rule 404(b) provides that evidence of a person's other crimes is not admissible to show that the person acted in conformity therewith. Fed. R. Evid. 404(b). Evidence of other crimes may, however, be admitted for other purposes, such as to prove intent or absence of mistake or accident. Id.

A three-part test exists for evaluating the admissibility of Rule 404(b) evidence: (1) the evidence must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act; and (3) the evidence must possess probative

value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403. <u>Miller</u>, 959 F.2d at 1538.

No abuse of discretion occurred here. The evidence of the Kalamazoo incident was plainly relevant to the issues of intent and absence of mistake. Because Walker's plea of not guilty placed his intent in issue, the evidence was admissible provided that its probative value was not substantially outweighed by undue prejudice. In this instance, the court did not err in concluding that its probative value was not outweighed by undue prejudice; hence, admitting it did not constitute an abuse of discretion.

**AFFIRMED.**