[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 19, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13452

_____

D. C. Docket No. 06-10033-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO HIDALGO SILVERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 19, 2008)**

Before TJOFLAT and BLACK, Circuit Judges, and RESTANI*, Judge.

PER CURIAM:

---

* Honorable Jane A. Restani, United States Court of International Trade Chief Judge, sitting by designation.

Appellant Roberto Hidalgo Silvera was sentenced to 51 months' imprisonment after he pled guilty to failing to "heave to" a customs border patrol vessel, in violation of 18 U.S.C. § 2237(a). Silvera appeals his sentence, contending the district court (1) impermissibly relied on U.S.S.G. § 2A2.2 in determining his base offense level and (2) erred in applying a "special skills" enhancement under U.S.S.G. § 3B1.3. After carefully reviewing the record and considering the briefing and oral argument, we affirm.

As Silvera concedes, the district court correctly looked to U.S.S.G. § 2A2.4 to find the appropriate base offense level, since this guideline was the most analogous to the statute of conviction, 18 U.S.C. § 2237(a), to which there was no corresponding guideline in the 2006 Guidelines manual.[1] U.S.S.G. § 2A2.4(c)(1) directs the court to use § 2A2.2 "[i]f the conduct constitute[s] aggravated assault." In determining this cross-reference applied, the district court did not err in examining Silvera's conduct beyond that which formed the basis of his conviction for failing to heave to and concluding this conduct constituted aggravated assault. Moreover, although Silvera was not steering the go-fast boat when it rammed the customs vessel, he nonetheless played an active role in the operation of the vessel

---

[1]The 2007 Guidelines manual specifically lists 18 U.S.C. § 2237(a) as corresponding to § 2A2.4.

during the collisions.  Thus, contrary to his claims, he was not merely an innocent passenger, and the court did not err in finding him culpable for aggravated assault.

The district court also did not err in applying a "special skills" enhancement under U.S.S.G. § 3B1.3 based on Silvera's role in the two-man operation of the go-fast boat during the high speed chase.  A special skill is one not possessed by members of the general public and usually requires substantial education, training, or licensing.  U.S.S.G. § 3B1.3, cmt. n.4.  However, the enhancement can also be applied to a defendant who uses unique, technical skills not necessarily acquired through formal education.  *United States v. Foster*, 155 F.3d 1329, 1331 (11th Cir. 1998); *United States v. Malgoza*, 2 F.3d 1107, 1110-11 (11th Cir. 1993).  The district court was presented with the testimony of Agent Vincent Lengone, who explained the two-man operation Silvera and Guerra used during the chase was not a skill possessed by the typical person in the general public.  Instead, he indicated it was "more consistent with an advanced power boat operator, maybe somewhere near speedboat level, probably some type of race boat experience, or at least high performance boating experience."  Based on this uncontested evidence, the district court did not err in concluding Silvera used a special skill during the commission of his offense and enhancing his base offense level under § 3B1.3.

**AFFIRMED**.