[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 4, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13939
Non-Argument Calendar

_____

D. C. Docket No. 07-00382-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LORENZO LANCE BOLES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(March 4, 2009)**

Before CARNES, BARKETT and KRAVITCH, Circuit Judges

PER CURIAM:

Lorenzo Lance Boles challenges his 30-month sentence for possession of an

unregistered short-barreled shotgun, pursuant to 26 U.S.C. § 5861(d). Specifically, Boles contends that the district court erred in enhancing his sentence under U.S.S.G. §2K2.1(b)(4)(A) by finding that the gun was stolen.

The sentencing guidelines provide for an increase in a defendant's base offense level by two points if the offense involved a stolen firearm. U.S.S.G. § 2K2.1(b)(4)(A). At his sentencing hearing, Boles objected to that enhancement. "When a defendant objects to a factual finding that is used in calculating his guideline sentence, the government bears the burden of establishing the disputed fact by a preponderance of the evidence." United States v. Moriarty, 429 F.3d 1012, 1022 (11th Cir. 2005) (quotation and alterations omitted). Here the district court found, based on a preponderance of the evidence, that Boles' sawed-off shotgun had been stolen. We review that finding only for clear error. United States v. Rodriguez-Lopez, 363 F.3d 1134, 1136-37 (11th Cir. 2004) (quotation omitted).

Boles contends that the district court clearly erred because the government did not prove the gun was stolen. We disagree. We need look no further than Boles' own statements. In a post-arrest interview, Boles told Agent Luis Valoze that the man who sold him the gun had said that the gun was stolen. Boles also told the agent that he purchased the gun for $10. Agent Valoze testified to those

2

facts at the sentencing hearing. Boles argues that his statements are insufficient to establish that the gun was stolen because they are hearsay and otherwise unreliable. Even if Boles' statements contain hearsay, they may be considered during sentencing because they contain "sufficient indicia of reliability." United States v. Gordon, 231 F.3d 750, 760 (11th Cir. 2000); see also U.S.S.G. § 6A1.3(a). Boles's statements were made during a videotaped interview shortly after his arrest. He described in detail how he acquired the weapon and he told the officers that the man who sold it to him had stolen the weapon from another man's house on the west side of Savannah, Georgia. The district court did not err in relying on those statements. Based on Boles' testimony and the extremely low purchase price for the gun—$10—we are not left with a "definite and firm conviction that a mistake has been committed" in the district court's findings of fact. See United States v. Foster, 155 F.3d 1329, 1331 (11th Cir. 1998). The district court properly enhanced Boles sentence under U.S.S.G. § 2K2.1(b)(4)(A).

**AFFIRMED.**