[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12177
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 2, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-80183-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS PUPO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 2, 2009)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

On a plea of guilty, appellant was convicted on 19 counts of alien smuggling

"for the purpose of commercial advantage and private financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii), and the district court sentenced him to concurrent prison terms of 60 months with three years of supervised release. He now appeals his sentences, contending the district court erred by enhancing his offense level pursuant to U.S.S.G. § 2L1.1(b)(6), because there was no evidence that: (1) he intended to create a substantial risk of death or serious bodily injury to another person; (2) he operated the vessel; (3) the vessel was not seaworthy; and (4) any of the passengers were injured or at risk of injury. He also contends that the court misapplied U.S.S.G. § 2L1.1(b)(5)(A).

Regarding Sentencing Guideline issues, we review purely legal questions de novo, and the district court's factual findings for clear error. In most cases, we afford "due deference" to the district court's application of the Guidelines to the facts. United States v. White, 335 F.3d 1314, 1317 (11th Cir. 2003). For a finding of fact to amount to clear error, we must be left "after reviewing all of the evidence, . . . with a definite and firm conviction that a mistake has been committed." United States v. Foster, 155 F.3d 1329, 1331 (11th Cir. 1998).

Section 2L1.1(b)(6) of the Sentencing Guidelines provides that if an alien smuggling, transporting, or harboring offense "involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person," the

2

base offense level is increased by two levels, but if the resulting offense level is less than 18, the offense level is increased to 18.  U.S.S.G. § 2L1.1(b)(6). Reckless conduct under this subsection "includes a wide variety of conduct (e.g., transporting persons in the trunk or engine compartment of a motor vehicle, carrying substantially more passengers than the rated capacity of a motor vehicle or vessel, or harboring persons in a crowded, dangerous, or inhumane condition)." U.S.S.G. § 2L1.1, comment. (n.5).

Because the record shows that appellant recklessly created a substantial risk of death or serious bodily injury to another person, the district court did not clearly err when it enhanced his base offense level pursuant to U.S.S.G. § 2L1.1(b)(6).

Section 2L1.1(b)(5)(A) of the Guidelines provides that "[i]f a firearm was discharged, increase by 6 levels, but if the resulting offense level is less than level 22, increase to level 22."  U.S.S.G. § 2L1.1(b)(5)(A).  Appellant argues that the court erred by enhancing his offense level, pursuant to § 2L1.1(b)(5)(A) because: (1) he could not foresee that the pursuing vessel would shoot at his vessel; (2) he did not "induce or willfully cause" the pursuing vessel to discharge its firearms; (3) Espinosa (his co-defendant) was in control of the vessel; (4) he told Espinosa to stop the vessel; and (5) Count 20 of the indictment only charges Espinosa with failing to obey an order by an authorized federal law enforcement officer.

3

Section 2L1.1(b)(5)(A) concerns specific offense characteristics of the offense of smuggling, transporting, or harboring of an unlawful alien. and states, as noted above: "If a firearm was discharged, increase by 6 levels." Based on our decision in United States v. Williams, 51 F.3d 1004, 1011 (11th Cir. 1995), overruled on other grounds, Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215 (1999), concerning an analogous Guideline section, U.S.S.G. § 2B3.1(b)(2)(A), we conclude that the court did not err in applying the enhancement.

Appellant argues that, if we find that the district court erred by applying the § 2L1.1(b)(6) and § 2L1.1(b)(5)(A) enhancements to his offense level, his sentence is unreasonable because it "violated the overriding principle and basic mandate of 18 U.S.C. § 3553(a)." He also argues that, if the enhancements were not applied to his offense level, he would be entitled to a downward variance.

We review a sentence for "unreasonable[ness]." United States v. Booker, 543 U.S. 220, 261, 125 S.Ct. 738, 765-66, 160 L.Ed.2d 621 (2005). The Supreme Court in Gall v. United States, 552 U.S. ___, 128 S.Ct. 586, 591, 169 L.Ed.2d. 445 (2007), clarified that the reasonableness standard of review announced in Booker requires appellate courts to review the ultimate sentence imposed under a "deferential abuse-of-discretion standard."

When assessing a sentence, we "must first ensure that the district court

4

committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range [or] . . . failing to consider the § 3553(a) factors." Gall, 552 U.S. ___, 128 S.Ct. at 597. Only after the district court correctly calculates the Guideline range, may it consider imposing a more severe or lenient sentence. United States v. Valnor, 451 F.3d 744, 750 (11th Cir. 2006).

Pursuant to § 3553(a), the district court must impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing listed in § 3553(a)(2), namely to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future criminal conduct by the defendant, and provide the defendant with needed educational or vocational training or medical care. The court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the applicable Guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. See 18 U.S.C. § 3553(a)(1), (3)-(7).

We conclude that the court did not miscalculate the Guideline sentence

range; thus, the court committed no procedural error.  Moreover, appellant has failed to show that his concurrent sentences are substantively unreasonable.

AFFIRMED.