[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16058
Non-Argument Calendar
_____

D.C. Docket No. 9:12-cr-80126-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS MONTES                                           Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 15, 2013)

Before CARNES, BARKETT and BLACK, Circuit Judges.

PER CURIAM:

After pleading guilty to one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1), Carlos Montes appeals his 48-month sentence.  Montes claims the district court clearly erred in applying a two-level sentencing enhancement pursuant to U.S.S.G. § 2K2.1(b)(4)(A), which applies to offenses involving a stolen firearm.

We review the district court's factual findings for clear error, and application of the sentencing guidelines to those facts *de novo*.  *United States v. Gupta*, 572 F.3d 878, 887 (11th Cir. 2009).  To find clear error, we must have a definite and firm conviction, after viewing all the evidence, that a mistake has been made.  *United States v. Foster*, 155 F.3d 1329, 1331 (11th Cir. 1998).

When a defendant objects to a factual finding that forms the basis of a sentencing decision, the Government bears the burden of establishing the disputed fact by a preponderance of the evidence.  *United States v. Agis-Meza*, 99 F.3d 1052, 1055 (11th Cir. 1996).  The preponderance standard requires the trier of fact to believe the existence of the disputed fact is more probable than the fact's nonexistence.  *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012).  It is the district court's role, as factfinder, to evaluate the credibility of witnesses.  *See United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002).  We view the district court's credibility determinations with great deference.  *United States v. Gregg*, 179 F.3d 1312, 1316 (11th Cir. 1999).

2

The district court did not clearly err in concluding that the firearm was stolen. The Government's witness testified that a firearm she owned was stolen, that she reported the theft to the police, and that she still did not have the gun on the date of the sentencing hearing.  Moreover, a records check revealed that the gun in Montes's possession at the time of his arrest had been reported as stolen by the Government's witness.  Although Montes presented evidence that the police did not believe the witness's report of the theft, that evidence primarily concerned whether or not the witness's boyfriend stole the gun.  The district court acknowledged the issues regarding the witness's credibility, but reasoned that the inconsistencies did not concern whether the gun was in fact stolen.  The district court chose to accept the witness's in-court testimony that the gun was stolen, and this testimony was not improbable or unreasonable.  *See Ramirez-Chilel*, 289 F.3d at 749 (noting that we must accept credibility assessments of the district court unless the testimony it credits is "so inconsistent or improbable on its fact that no reasonable factfinder could accept it").  Accordingly, the district court did not clearly err in finding it was more likely than not that the firearm was stolen, such that the two-level enhancement under U.S.S.G. § 2K2.1(b)(4)(A) was proper.

**AFFIRMED.**