[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17222
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cr-00048-MW-CAS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEREK LAMAR REDDICK,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(October 30, 2017)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Derek Reddick appeals his convictions for conspiracy to transport in interstate commerce a person under 18 years of age to engage in prostitution, in violation of 18 U.S.C. § 2423(a), and enticing or transporting a minor in interstate commerce to engage in prostitution, in violation of 18 U.S.C. §§ 2421, 2422(a). Specifically, Reddick challenges the district court's denial of his motion to suppress evidence gained through an encounter with police and an arguably illegal search of his hotel room.  First, he argues that his encounter with police was not consensual.  Second, he argues that the independent source doctrine does not apply to evidence discovered during the execution of a search warrant for his hotel room after an initial warrantless entry into the room.  After careful consideration of the parties' briefs and the record, we affirm.

A district court's ruling on a motion to suppress presents a mixed question of law and fact. *United States v. Lopez-Garcia*, 565 F.3d 1306, 1312–13 (11th Cir. 2009).  We review the district court's findings of fact for clear error and its application of the law to the facts de novo. *Id.* at 1313.  A clearly erroneous factual finding occurs when we, "after reviewing all of the evidence," are "left with a definite and firm conviction that a mistake has been committed." *United States v. Foster*, 155 F.3d 1329, 1331 (11th Cir. 1998).  We construe all facts in the light most favorable to the prevailing party below. *United States v. Jordan*, 635 F.3d 1181, 1185 (11th Cir. 2011).

2

The Fourth Amendment protects individuals "against unreasonable searches and seizures." U.S. Const. amend. IV. For Fourth Amendment purposes, a seizure has occurred "[o]nly when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen." *Terry v. Ohio,* 392 U.S. 1, 19 n.16, 88 S. Ct. 1868, 1879 n.16 (1968). "If a reasonable person would feel free to terminate the encounter, then he or she has not been seized." *United States v. Drayton*, 536 U.S. 194, 201, 122 S. Ct. 2105, 2110 (2002).

A consensual encounter—a police-citizen exchange involving no coercion or detention—does not implicate the Fourth Amendment. *Jordan*, 635 F.3d at 1186. We consider various factors in determining whether an encounter was consensual, including: if an individual's path is blocked; if an individual's identification is retained by the police; the individual's age, education, and intelligence; the length of the detention and questioning; the number of officers present; any display of weapons; any physical force or touching; and the tone and language used by the police. *Id*.

Here, the district court did not clearly err when it found that Reddick's encounter with the police was consensual because a reasonable person in Reddick's position should have felt free to leave. The district court heard from several officers and found their testimony credible. *See United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) ("Credibility determinations are typically the

province of the fact finder . . . .").  The critical facts included: (1) only two officers were near Reddick, (2) Reddick initiated the contact, (3) officers used a conversational tone, (4) Reddick's ID was only retained for a brief time, (5) the encounter lasted around a minute, and (6) Reddick could have walked around the officers.

Reddick argues that the district court ignored several facts in its decision, including that: the encounter occurred at night, the hotel had a cramped layout, Reddick was aware of the presence of several other officers, and the officers were armed.  Although the district court may have been able to find these facts persuasive, it did not.  "Where the evidence has two possible interpretations, the district court's choice between them cannot be clearly erroneous."  *Foster*, 155 F.3d at 1331.  Accordingly, the district court did not clearly err when it found that the encounter was consensual.

Next, Reddick argues that the district court erred when it denied his motion to suppress because it determined that the evidence seized after a potentially illegal search of his hotel room was admissible under the independent source doctrine. [1]

The independent source doctrine is an exception to the warrant requirement. It states that "evidence obtained from a lawful source that is independent of any Fourth Amendment violation is admissible."  *United States v. Noriega*, 676 F.3d

---

[1] The government argues in the alternative that the independent source rule is not necessary because Jasmine Davis had apparent authority to consent to the initial search of Room 212.  We, like the district court, need not decide consent on appeal because the independent source rule provides an adequate exception to the warrant requirement.

1252, 1260 (11th Cir. 2012). It requires a two-step test. First, we "excise from the search warrant affidavit any information gained during the arguably illegal initial [search] and determine whether the remaining information is enough to support a probable cause finding." *Id*. Second, if the remaining information supports probable cause, we determine "whether the officer's decision to seek the warrant was prompted by what he had seen during the arguably illegal [search]." *Id.* (internal quotation marks omitted). The evidence seized under the warrant is admissible if the officer would have sought the warrant even without the initial illegal search. *Id*. at 1260–61. "This is a question of fact." *United States v. Barron-Soto*, 820 F.3d 409, 415 (11th Cir. 2016) .

In addition to containing references to evidence arguably seized in violation of the Fourth Amendment, the search warrant affidavit also contained an important misstatement—that Reddick paid for Room 211, the hotel room where a minor was engaging in prostitution.[2] A search warrant must be voided and the fruits of the search excluded if the search warrant affidavit contained a statement made with deliberate falsity or reckless disregard for the truth, and the affidavit's remaining content does not establish probable cause. *Madiwale v. Savaiko*, 117 F.3d 1321, 1326 (11th Cir. 1997).

---

[2] We agree with the district court that the statement regarding payment of Room 211 is the only material misstatement contained in the affidavit. The other misstatements and omissions do not need further analysis.

5

Even if the affidavit could not establish probable cause without inclusion of the misstatement, it was not made with deliberate falsity or reckless disregard for the truth. The district court correctly pointed out that the "truth—that Reddick had rented out Room 212 and [Christine] Thurman had rented out Room 211, and that Reddick and Thurman were in some way together—was hardly less incriminating" than the misstatement. The district court also credited Osborn, the officer who wrote the affidavit, for his "forth-rightness in acknowledging the mistake." *See Ramirez-Chilel*, 289 F.3d at 749. And Reddick failed to provide any evidence that the misstatement was more than an innocent or negligent mistake. Thus, the district court did not clearly err in finding that the misstatement was not made with deliberate falsity or reckless disregard for the truth.

The district court properly removed from the affidavit all references to evidence arguably seized in violation of the Fourth Amendment. This included the minor's Florida ID card and school identification card. The misstatement did not need to be removed from the affidavit.

After all the necessary information is excised from the search warrant affidavit, we must determine whether the remaining information is enough to support a probable cause finding. Probable cause exists when "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S. Ct. 2317, 2332 (1983).

6

Here, the facts remaining in the affidavit include: (1) a minor was engaging in prostitution in a room without any personal belongings, (2) the room and the room across the hall were paid for by Reddick, and (3) Reddick's phone was used to place online ads for sexual encounters with the minor. We agree with the district court that these facts support probable cause. *See United States v. Albury*, 782 F.3d 1285, 1292 (11th Cir. 2015) (stating that although a probable cause determination is subject to plenary review, we must give great deference to a lower court's determination that the totality of the circumstances supported a finding of probable cause).

Finally, we conclude that the district court did not clearly err in finding that the officers' decision to seek the warrant for Room 212 was not prompted by what he learned from the arguably illegal search. Officers made clear while interviewing the minor—much of which occurred before the entry into Room 212— that they intended to get a search warrant for that room and any other room in order to find evidence. Also, officers had probable cause before entering Room 212, as shown by the correctly excised affidavit. We cannot say that the district court's finding was clearly erroneous. Thus, the district court did not err when it determined that the evidence seized after a potentially illegal search was admissible under the independent source doctrine. Accordingly, we affirm.

**AFFIRMED.**

7