**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12322

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

NICHOLAS CRAIG WOOZENCROFT,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:23-cr-60094-JEM-1

_____

Before JORDAN, LUCK, and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Nicholas Craig Woozencroft appeals his conviction and forty-one month sentence for purchase of firearms by means of a false statement, in violation of 18 U.S.C.

§ 922(a)(6).  He first argues that the district court abused its discretion in excluding evidence related to the firearm dealer's compliance with Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) regulations.  Second, that the court erred in imposing a four-level enhancement under U.S.S.G. § 2K2.1(b)(4)(B) for conduct involving firearms with obliterated serial numbers.  For reasons set forth below, we affirm.

## I.

In November and December of 2021, Woozencroft purchased firearms from Commercial Pawn Jewelry and Guns in Fort Lauderdale, Florida.  In total, he acquired forty-one handguns across two dates, and at least one gun had an obliterated serial number.  Woozencroft bought the guns from Bob De Agua, a salesperson for Commercial Pawn.  Woozencroft told De Agua that the guns were for his personal security company, which led De Agua to believe that he was the actual purchaser of the guns.  Woozencroft also filled out an ATF Form 4473 for both purchases.  For the first purchase, Woozencroft indicated on the official electronic Form 4473 that he was the actual purchaser of the gun when prompted by question 21A.  In addition, De Agua asked him to fill out a duplicate handwritten form.  On this form, he stated that he was not the actual purchaser of the guns.  De Agua failed to notice the discrepancy between the forms and relied on the official electronic form.[1]  For the second purchase in December, Woozencroft

---

[1] Without certification under question 21A that Woozencroft was the actual buyer, De Agua would not legally have been able to sell him any guns.

indicated that he was the actual purchaser of the guns under question 21A. De Agua failed to sign the December form.

Four of the firearms purchased by Woozencroft were later seized by Canadian officials in 2022. Three of the four had obliterated serial numbers. Woozencroft admitted to an ATF agent that he bought the guns for three different people, only one of whom has been identified. Of the forty-one guns purchased, only four guns remained in Woozencroft's possession.

In May 2023, a grand jury indicted Woozencroft for two counts of purchase of firearms by means of a false statement, in violation of 18 U.S.C. § 922(a)(6).

Before trial, the government submitted jury instructions stating that the jury should not consider whether Commercial Pawn could have prevented Woozencroft's crime through better internal controls or greater care. The government also filed a supplemental motion in limine which sought to preclude Woozencroft from introducing exhibits related to ATF regulations and statutes, and from introducing an argument that De Agua negligently allowed Woozencroft to purchase guns without signing on both forms.

At trial, the court granted the government's supplemental motion in limine to restrict Woozencroft's cross-examination, finding that the line of questioning was likely to confuse the jury and not relevant to Woozencroft's guilt. The court later adopted the suggested jury instructions from the government. At the conclusion of the trial, the court declared a mistrial as to Count 1 (the

November purchase), and it adjudicated Woozencroft guilty as to Count 2 (the December purchase).

At sentencing, Woozencroft's base offense level was calculated as 12, pursuant to U.S.S.G. § 2K2.1(a)(7) for a violation of 18 U.S.C. § 922(a)(6).  The offense level increased by six levels under § 2K2.1(b)(1)(C) because the offense involved between twenty-five and ninety-nine firearms.  The offense level increased another four levels under § 2K2.1(b)(4)(B) because a firearm had an altered or obliterated serial number.  The adjusted offense level and total offense level were both 22.  Woozencroft objected to the enhancement for a weapon with an obliterated serial number, but the district court overruled the objection.  Woozencroft was sentenced to forty-one months' imprisonment, followed by one year of supervised release.  He timely appealed.

## II.

Woozencroft argues that the district court erred in three respects as it relates to his trial.  First, that the court excluded evidence of De Agua's failure to sign the December form.  Second, that the court excluded evidence of De Agua's knowledge of a potential third party during the December sale.  And third, that the court instructed the jury to ignore evidence of De Agua's noncompliance with ATF regulations because it was not relevant to a valid defense.

We review a district court's evidentiary rulings for abuse of discretion.  *United States v. Brown*, 415 F.3d 1257, 1264–65 (11th Cir. 2005).  "An abuse of discretion can occur where the district court

25-12322              Opinion of the Court                    5

applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment." *Id.* at 1266.

Federal Rule of Evidence 402 provides that all relevant evidence is admissible. Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Determinations as to the relevancy of evidence are well within the broad discretion of the district courts and will not be disturbed on appeal absent a showing that the trial court abused its discretion." *United States v. Russo*, 717 F.2d 545, 551 (11th Cir. 1983) (per curiam).

Under Rule 403 of the Federal Rules of Evidence, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

To sustain a conviction under 18 U.S.C. § 922(a)(6), "the government must prove beyond a reasonable doubt that: (1) the defendant knowingly made; (2) a false or fictitious written statement in connection with the purchase of firearms; (3) intended to deceive or likely to deceive a licensed firearms dealer; (4) and the false statement was a fact material to the lawfulness of the sale or disposition of the firearm." *United States v. Ortiz*, 318 F.3d 1030, 1036 (11th Cir. 2003) (per curiam).

Here, the district court properly excluded evidence related to the firearm dealer's compliance with ATF regulations. Woozencroft believed that this evidence was relevant to show the bias of De Agua. Specifically, that De Agua's failure to sign the second Form 4473, and his alleged awareness of a third party, indicated that he knew or should have known that Woozencroft was not the actual purchaser. Typically witness bias satisfies the relevance standard of admissibility. *See United States v. Abel*, 469 U.S. 45, 52 (1984). But the potential bias of De Agua has no bearing on Woozencroft's conviction under 18 U.S.C. § 922(a)(6). The third "intended to deceive" element is easily satisfied by Woozencroft's actions. Woozencroft admitted to filling out Form 4473 as the actual buyer despite buying the guns on behalf of others. De Agua's failure to sign the form or his knowledge of a third party do not impact Woozencroft's intent to deceive. De Agua's mistakes or potential involvement are not probative of any consequential fact and are therefore irrelevant.

Even if the district court did abuse its discretion in excluding the evidence as irrelevant, the court was otherwise allowed to exclude evidence that would confuse the jury. Fed. R. Evid. 403. De Agua's compliance with ATF regulations has little probative value but a high risk of suggesting to the jury that De Agua was involved in Woozencroft's plans. Because De Agua's regulatory compliance does not help to prove or disprove any element of § 922(a)(6), it is

instead likely that it would confuse the jury as to the main issue of the case.[2]

Lastly, the district court instructed the jury to disregard the evidence of regulatory compliance. This jury instruction accurately explained that De Agua's compliance, or lack thereof, was not probative of Woozencroft's guilt. Thus, the court was within its broad discretion. *United States v. Williams*, 526 F.3d 1312, 1320 (11th Cir. 2008) ("We will not reverse a conviction on the basis of a jury charge unless the issues of law were presented inaccurately, or the charge improperly guided the jury in such a substantial way as to violate due process." (citation modified)).

Thus, the district court did not abuse its discretion in excluding evidence related to the firearm dealer's compliance with ATF regulations.

**III.**

Lastly, Woozencroft argues that the district court erred in applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(4)(B) for conduct involving firearms with obliterated serial numbers. In a challenge to the application of the Sentencing Guidelines, we review the district court's findings of fact for clear error and its application of the Guidelines de novo. *United States v. Mandhai*, 375 F.3d

---

[2] Excluding the evidence was also harmless because Woozencroft's own admissions along with additional testimony of De Agua and ATF Agent Boya established his intent to deceive under 18 U.S.C. § 922(a)(6). *See United States v. Barton*, 909 F.3d 1323, 1330 (11th Cir. 2018) ("[E]ven an abuse of discretion will not warrant reversal where the resulting error was harmless.").

1243, 1247 (11th Cir. 2004). The district court clearly errs when, after reviewing all of the evidence, we are left with a "definite and firm conviction that a mistake has been committed." *United States v. Foster*, 155 F.3d 1329, 1331 (11th Cir. 1998).

Under the 2021 version of the Sentencing Guidelines, a four-level increase applies to the offense level when any firearm had an altered or obliterated serial number. U.S.S.G. § 2K2.1(b)(4)(B) (2021). The commentary to the Sentencing Guidelines provides that "Subsection (b)(4) applies regardless of whether the defendant knew or had reason to believe that the firearm was stolen or had an altered or obliterated serial number." *Id.*, comment. (n.8(B)).[3]

The district court did not err in applying a § 2K2.1(b)(4)(B) enhancement. It is undisputed that three of the recovered guns were found in Canada with obliterated serial numbers. The guidelines do not require that the obliteration had to be done by

---

[3] In *Dupree*, we, sitting en banc, held that the courts "may not defer" to the commentary to the Sentencing Guidelines "if uncertainty does not exist" in the Guidelines itself. *United States v. Dupree*, 57 F.4th 1269, 1275 (11th Cir. 2023) (en banc). However, we have relied on the commentary of a guideline where "[n]o party contest[ed] the commentary's validity . . . or the propriety of its interpretation of [guideline's] text." *United States v. Jews*, 74 F.4th 1325, 1327 n.2, 1328 (11th Cir. 2023). Here, the government relies on the commentary and neither party disputes its validity. To the extent that the guideline is ambiguous or uncertain, the commentary makes clear that Woozencroft's knowledge is irrelevant to the application of the guideline. U.S.S.G. § 2K2.1, comment. (n.8(B)).

25-12322                Opinion of the Court                9

Woozencroft or at his direction.  Thus, Woozencroft was eligible for the sentencing enhancement.

**AFFIRMED.**