[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10396
Non-Argument Calendar
_____

D.C. Docket No. 3:16-cr-00067-MCR-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEREMY S. DAUBON,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 26, 2017)

Before TJOFLAT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Jeremy Daubon appeals his 144-month prison sentence after pleading guilty to one count of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2), (b)(1).  He argues that the District Court imposed a procedurally unreasonable sentence by relying on clearly erroneous factual findings in determining the applicable sentencing guidelines and, then, in fashioning his sentence.  He also argues that the Court imposed a substantively unreasonable sentence by placing undue emphasis on one of the sentencing factors established by 18 U.S.C. § 3553(a).

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard of review.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  We first ensure that the district court committed no significant procedural error, such as basing its sentence on clearly erroneous facts.  *Id.* at 51.  A clearly erroneous factual finding occurs when "after reviewing all of the evidence," we are "left with a definite and firm conviction that a mistake has been committed."  *United States v. Foster*, 155 F.3d 1329, 1331 (11th Cir. 1998).

Assuming the sentence is not procedurally unreasonable, we ensure that it is not substantively unreasonable in light of the § 3553(a)(2) factors, which include the need to reflect the seriousness of the offense, to provide just punishment for the offense, and to deter future criminal conduct.  *See* 18 U.S.C. § 3553(a)(2).  The emphasis given to one factor is committed to the sound discretion of the district

2

court, but a court's unjustified reliance on any one § 3553(a) factor may be a symptom of an unreasonable sentence. *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006). A sentence imposed well below the statutory maximum penalty is another indicator of a reasonable sentence. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Daubon contends that his sentence is procedurally unreasonable because the District Court relied on erroneous factual findings regarding his risk of recidivism—the need for a prison sentence in order to deter his future criminal conduct. We find no clear error. The Court's disagreement with his expert's opinion was carefully weighed with the relevant facts in the record, including facts that were undisputed, and thus was not clearly erroneous. Daubon contends that his sentence is substantively unreasonable because the Court gave improper weight to his potential for recividism and the need for his incarceration. We disagree. Daubon's criminal behavior became more serious over time. He amassed a large collection of pornography, had described his victims in sexually derogatory terms, and had been diagnosed with psychological disorders that resulted in an addiction to pornography.

In sum, we find no procedural or substantive unreasonableness in Daubon's sentence. It is therefore

**AFFIRMED.**

3