[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10837
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-20474-DMM-1


UNITED STATES OF AMERICA,

                                                      Plaintiff-Appellee,

versus

ANDY ARMAS,
a.k.a. Andy Armas Nunez,

                                                      Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 24, 2017)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Andy Armas appeals his total 87-month sentence after pleading guilty to one

count of conspiracy to commit health care fraud, wire fraud, and mail fraud, in

violation of 18 U.S.C. § 1349; four counts of mail fraud, in violation of 18 U.S.C. § 1341; and one count of conspiracy to defraud the United States and pay health care kickbacks, in violation of 18 U.S.C. § 371. On appeal, Armas argues that: (1) the district court clearly erred when it applied a two-level role enhancement because it failed to make a factual finding that there was at least one other participant in Armas's offenses and under his control; (2) the district court clearly erred when it applied a two-level enhancement for use of sophisticated means because his conduct was not complex or especially intricate and he did not create his pharmacies for the sole purpose of committing fraud; (3) the district court plainly erred in assessing the total loss amount because it failed to grant him credit for his legitimate prescriptions billed to Medicare; and (4) he was provided ineffective assistance of counsel during the sentencing and plea phases, which rendered the sentencing hearing unfair. The government concedes that the district court clearly erred when it applied the two-level role enhancement. After careful review, we affirm in part, vacate in part and remand for re-sentencing without the role enhancement.

Challenges to the application of the Sentencing Guidelines are mixed questions of law and fact. United States v. Mandhai, 375 F.3d 1243, 1247 (11th Cir. 2004). The district court's findings of fact are reviewed for clear error while its application of the Guidelines to the facts is reviewed de novo. Id. We review

the district court's determination that a defendant is subject to a § 3B1.1 role enhancement for clear error. United States v. Martinez, 584 F.3d 1022, 1025 (11th Cir. 2009). The district court's decision to apply an enhancement for sophisticated means is a question of fact that we review for clear error. United States v. Robertson, 493 F.3d 1322, 1329-30 (11th Cir. 2007). A clearly erroneous factual finding occurs when we "after reviewing all of the evidence" are "left with a definite and firm conviction that a mistake has been committed." United States v. Foster, 155 F.3d 1329, 1331 (11th Cir. 1998). "Where the evidence has two possible interpretations, the district court's choice between them cannot be clearly erroneous." Id.

We review for plain error a sentencing challenge raised for the first time on appeal. United States v. Henderson, 409 F.3d 1293, 1307 (11th Cir. 2005). In addition, we consider arguments raised for the first time in an appellant's reply brief to be abandoned. United States v. Nealy, 232 F.3d 825, 830 (11th Cir. 2000).

We begin with Armas's claim -- and the government's concession -- that the district court clearly erred in applying a two-level role enhancement. A defendant receives a four-level enhancement if the district court determines that he "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). A two-level enhancement applies if the defendant was otherwise an "organizer, leader, manager, or supervisor" in

3

"any criminal activity." Id. § 3B1.1(c). To qualify for either enhancement, the defendant must be an organizer or leader of at least one other participant. Id. § 3B1.1, comment. (n.2). A participant is defined as a person who is "criminally responsible for the commission of the offense, but need not have been convicted." Id. § 3B1.1, comment. (n.1). In order to apply a two-level enhancement for a defendant's leadership role, the district court must find by a preponderance of the evidence that the criminal activity involved at least two persons, the defendant and a participant. United States v. Williams, 527 F.3d 1235, 1248–49 (11th Cir. 2008).

In Williams, we held that the evidence presented to the district court was insufficient as a matter of law to justify a two-level role enhancement under § 3B1.1, and instructed the district court on remand to re-sentence the defendant without the enhancement. Id. at 1248-49, 1252. In Martinez, we held that the district court clearly erred when it imposed a role enhancement based on disputed facts from the PSI without hearing any evidence from the government. 584 F.3d at 1026-30. We instructed the district court on remand to allow the government to present evidence that the enhancement was applicable to the defendant. Id.

Although the Guidelines are no longer mandatory, the district court is still required to consult, consider, and correctly calculate the applicable guideline range when imposing a sentence. Id. at 1025. If the district court erred when calculating the guideline range during sentencing, we may vacate the defendant's sentence and

4

remand for re-sentencing.  Id.  The only time a remand is not appropriate is when we determine that the error did not impact the district court's sentence.  See United States v. Keene, 470 F.3d 1347, 1348-49 (11th Cir. 2006).

When a defendant objects to a fact contained in the PSI, the government bears the burden of proving that fact by a preponderance of the evidence.  Martinez, 584 F.3d at 1027.  After the government presents evidence, the district court must either make an explicit factual finding or determine that no finding is necessary because the disputed fact will not be used to sentence the defendant.  Id.

Here, the government concedes that the district court clearly erred when it applied a two-level role enhancement without finding that there was at least one other criminal participant in Armas's scheme and under his control.  We agree.  At the sentencing hearing, a special agent with Health and Human Services testified that the two pharmacies owned by Armas had been under investigation for billing services to Medicare for prescription drugs never purchased.  As part of his investigation, the agent spoke with Dr. Carlos Ramirez, who revealed that he had received kickbacks from Armas for writing prescriptions for unnecessary drugs and said that patients were involved in the scheme.  Thus, the government presented some evidence at the hearing that the Medicare beneficiaries and Ramirez participated in Armas's scheme.  Nevertheless, the district court never made an explicit factual finding that there was another participant who was

5

criminally responsible and under Armas's control, only that Armas was an organizer and that he relied on his employees. Williams, 527 F.3d at 1248-49; U.S.S.G. § 3B1.1, comment. (n.2). Notably, the district court also rejected the government's argument that the Medicare beneficiaries were knowingly complicit as participants. Because the district court was required to make an explicit factual finding that there was at least one other willing participant involved in Armas's scheme and under his control in order to apply the two-level role enhancement, and because it did not do so when it applied the enhancement, it clearly erred. Williams, 527 F.3d at 1248-49; Martinez, 584 F.3d at 1025, 1027; see also U.S.S.G. § 3B1.1, comment. (n.2).

Nor can we say that this error is harmless. Not only was Armas sentenced based on an incorrect guideline range, but there is nothing to suggest that the sentence would have been the same without the two-level role enhancement. See Martinez, 584 F.3d at 1025; Keene, 470 F.3d at 1348-49. Accordingly, we are compelled to vacate and remand to the district court for re-sentencing without the two-level role enhancement. See Williams, 527 F.3d at 1248-49, 1252. On remand, the parties may raise their arguments regarding the § 3553(a) factors and Armas's alleged aggravating conduct.

We are unpersuaded, however, by Armas's remaining arguments. First, the district court did not clearly err when it applied a two-level sophisticated means

enhancement. A defendant receives a two-level enhancement if the district court determines that a fraud offense "otherwise involved sophisticated means." U.S.S.G. § 2B1.1(b)(10)(C). This is defined as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." Id. § 2B1.1, comment. (n.9(B)). The district court is required to focus on the offense conduct as a whole when evaluating whether the defendant qualified for the enhancement, instead of the individual steps the defendant took. United States v. Moran, 778 F.3d 942, 977 (11th Cir.), cert. denied sub nom. Huarte v. United States, 136 S. Ct. 268 (2015).

We've upheld a sophisticated means enhancement where the defendants laundered proceeds while defrauding Medicare, using kickbacks and false group therapy notes. Id. We also upheld the enhancement when a defendant's company falsified test results to demonstrate that Medicare beneficiaries required oxygen tanks, and used the test results to conceal that an independent entity had not done the testing. See United States v. Bane, 720 F.3d 818, 825-27 (11th Cir. 2013).

Here, the district court did not clearly err when it applied a two-level enhancement for use of sophisticated means. Although the court noted that Armas's fraud was "typical" and "rampant" in South Florida, it also found that Armas had created billings to Medicare for fraudulent prescriptions, created false invoices to attempt to cover up the scheme from auditors, made false statements to

7

the auditors, and made cash withdrawals of $4,000,000 to attempt to conceal his fraud. See U.S.S.G. § 2B1.1, comment. (n.9(B)). Even if the creation of invoices and cash withdrawals may be conducted in the ordinary course of business and may be simple methods if examined in isolation, it was not clearly erroneous for the court to look at the offense conduct as a whole and find that Armas used complex and intricate means to both carry out and conceal his fraud. See Moran, 778 F.3d at 977; Foster, 155 F.3d at 1331. Further, like the defendants in Moran and Bane, Armas used false records and kickbacks to conceal his fraud. See Moran, 778 F.3d at 977; Bane, 720 F.3d at 825-27. Accordingly, the district court did not clearly err when it applied the two-level enhancement for use of sophisticated means.

We also find no merit to Armas's claim that the district court plainly erred in assessing the total loss amount because it failed to grant him credit for his legitimate prescriptions billed to Medicare. Under plain error review, we may only grant a defendant relief when, at the time of the appeal, there is: (1) an error in the district court's determination; (2) the error is plain or obvious; (3) the error affects the defendant's substantial rights in that it was prejudicial and not harmless; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Clark, 274 F.3d 1325, 1326 (11th Cir. 2001). An error is plain if it is clearly contrary to settled law at the time of sentencing or at

8

the time of appellate consideration. United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005). Plain means contrary to the applicable statute, rule, or on-point precedent. See United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003). A plain error affects substantial rights if it was prejudicial, meaning that the error "actually did make a difference" in the defendant's sentence. Shelton, 400 F.3d at 1332 (quotation omitted). The defendant has the burden to prove that there would be a "reasonable probability of a different result" without the error. Id. (quotation omitted).

We've said that an incorrect calculation of a sentencing guideline range affects a defendant's substantial rights. Molina-Martinez v. United States, 136 S. Ct. 1338, 1349 (2016). Moreover, a miscalculation of a guideline range can implicate the fairness and integrity of the sentencing proceedings. United States v. Chisholm, 73 F.3d 304, 307–08 (11th Cir. 1996) (holding that equating crack-cocaine and powder-cocaine was plain error that "seriously implicates the fairness and integrity of sentencing" because of the base offense level disparity).

When a defendant expressly consents to or affirmatively seeks a district court's decision, he is deemed to have invited any error the court may have made and to have waived appellate review for plain error. United States v. Brannan, 562 F.3d 1300, 1306 (11th Cir. 2009). We've held that when a defendant withdraws his objection and "fully comprehends the error the court is going to commit and

nonetheless agrees to be bound by it," he has invited error.  United States v. Masters, 118 F.3d 1524, 1526 (11th Cir. 1997).  We've previously held that a defendant invited error when he told the district court to ignore other issues at re-sentencing and focus only on correcting the sentence that exceeded the statutory maximum penalty, and then challenged two other sentences on appeal.  See United States v. Haynes, 764 F.3d 1304, 1307-08, 1310 (11th Cir. 2014).  The invited error doctrine is not triggered by ambiguous statements or representations.  United States v. Hayes, 762 F.3d 1300, 1310 n.6 (11th Cir. 2014).

An 18-level enhancement applies if the district court decides that the total loss of an offense exceeds $3,500,000, but does not exceed $9,500,000, whereas a 14-level enhancement applies if the total loss exceeds $500,000, but does not exceed $1,500,000.  U.S.S.G. § 2B1.1(b)(1)(H), (J).  Loss can be calculated by looking at certain factors, like "the scope and duration of the offense and revenues generated by similar operations."  Id. § 2B1.1, comment. (n.3(C)).  The estimation of loss is granted substantial deference because the "sentencing judge is in a unique position to assess the evidence and estimate the loss based upon that evidence."  Id. The court only needs to make a "reasonable estimate of the loss."  Id.

The loss must be reduced by "[t]he money returned, and the fair market value of the property returned and the services rendered, by the defendant or other persons acting jointly with the defendant, to the victim before the offense was

10

detected." Id. § 2B1.1, comment. (n.3(E)(i)). This credit accounts for the fact that "value may be rendered even amid fraudulent conduct." United States v. Campbell, 765 F.3d 1291, 1305 (11th Cir. 2014) (quotation omitted). However, where "a defendant's conduct was permeated with fraud, a district court does not err by treating the amount that was transferred from the victim to the fraudulent enterprise as the starting point for calculating the victim's pecuniary harm." Id. While the government must prove the total loss amount by a preponderance of the evidence, this does not require that the district court begin at zero or that it "sift through years of bank records and receipts to ascertain itemized proof of every single transaction that should be chalked up as a loss to the victim." Id. at 1304. "Where detailed information is not available, a detailed estimate is not required." United States v. Orton, 73 F.3d 331, 335 (11th Cir. 1996).

Here, we decline to review Armas's challenge to the loss assessment because he invited the district court's alleged error. See Brannan, 562 F.3d at 1306. As the record reveals, he did not object to the calculation of losses in the PSI. Rather, he said he accepted "the amount and the guideline range that is applicable here," and told the district court that he would not challenge the government's calculation and would instead ask for a downward variance because it was a mitigating factor that the calculation of losses was "not an exact science." See Masters, 118 F.3d at 1526. Armas also admitted that there was potentially an

11

error in the government's calculation of losses, but expressly elected not to challenge it, unambiguously stating that he was "not contesting the amount" and would not "argue to get one level down on the amount when this is a hit-and-miss type of calculation." See Hayes, 762 F.3d at 1310 n.6. The district court also inquired twice if Armas would object to the amount of losses, and Armas expressly refused to do so while acknowledging that there were potential problems and that he would receive a heightened enhancement for the amount of loss, similar to the defendant in Hayes who acknowledged that there were potentially other issues to address at re-sentencing but informed the district court to ignore them. Id. at 1307-08, 1310. In short, Armas invited any error in the calculation of the loss amount, and we decline to review his challenge. Brannan, 562 F.3d at 1306.

Finally, we decline to consider Armas's claim of ineffective assistance of counsel. Generally, we will not consider ineffective-assistance-of-counsel claims raised on direct appeal, because these claims are more properly considered in a motion to vacate under 28 U.S.C. § 2255. Massaro v. United States, 538 U.S. 500, 504–05 (2003). This is especially true when the district court has not considered the claims and there has been no opportunity to develop a factual record about counsel's performance. United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002). However, if the record has been sufficiently developed, we may consider a defendant's ineffective assistance of counsel claims, subject to de novo review. Id.

12

Criminal defendants have a constitutional right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To succeed on an ineffective-assistance-of-counsel claim, a defendant must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. Id. at 687. Under the first prong, counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. Id. at 688-89. As for the prejudice prong, the defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

In this case, we decline to consider Armas's ineffective-assistance-of-counsel claim because there is no factual record regarding counsel's performance. Bender, 290 F.3d at 1284. Although all of Armas's arguments on appeal reference his sentencing proceedings, no record has been sufficiently developed that would allow us to determine whether Armas's counsel acted deficiently or if his performance was prejudicial to the outcome. Id.; see also Strickland, 466 U.S. at 687-69, 694. For example, we do not have testimony from counsel regarding why he did or did not do the things that Armas now challenges. See Bender, 290 F.3d at 1284. Armas's ineffective-assistance-of-counsel claim is more properly brought in a 28 U.S.C. § 2255 motion to vacate where a sufficient record can be developed regarding counsel's performance. Thus, we will not consider it on direct appeal.

13

Accordingly, we affirm in part, and vacate and remand in part to the district court for re-sentencing without applying the two-level leadership role enhancement.

**VACATED AND REMANDED IN PART, AFFIRMED IN PART.**