[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10765
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-20474-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDY ARMAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 6, 2018)

Before TJOFLAT, MARCUS and HULL, Circuit Judges.

PER CURIAM:

Andy Armas appeals his 70-month total sentence, imposed upon our remand

for resentencing, after pleading guilty to one count of conspiracy to commit health

care fraud, wire fraud, and mail fraud, in violation of 18 U.S.C. § 1349; four counts

of mail fraud, in violation of 18 U.S.C. § 1341; and one count of conspiracy to defraud the United States and pay health care kickbacks, in violation of 18 U.S.C. § 371.  On appeal, Armas argues that the district court erred when it determined that it was unable to consider his challenge to the loss-amount calculation due to our mandate, in which we provided that the district court could consider arguments regarding the 18 U.S.C. § 3553(a) factors.  After careful review, we affirm.

Whether the district court complied with our mandate on remand is reviewed de novo.  United States v. Amedeo, 487 F.3d 823, 829 (11th Cir. 2007).  A defendant abandons all issues on appeal that he does not raise in his initial brief. United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

Under the law-of-the-case doctrine, district and appellate courts are bound by our findings of fact and conclusions made in a prior appeal in the same case. Amedeo, 487 F.3d at 829.  The mandate rule is an application of the law-of-the-case doctrine to a specific situation.  Id. at 830.  Thus, when a district court operates under our mandate, it "cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded."  Id. (quotation omitted).  Accordingly, the district court "must implement both the letter and spirit of the mandate" and take into consideration our opinion and "the circumstances it embraces."  United States v.

2

Mesa, 247 F.3d 1165, 1170 (11th Cir. 2001).  There are three limited exceptions to the mandate rule: (1) a subsequent trial that produces substantially different evidence; (2) new controlling authority that has made a contrary decision of law applicable to an issue; and (3) the prior appellate decision was clearly erroneous and would result in a manifest injustice.  Amedeo, 487 F.3d at 830.

A mandate that provides a general vacatur of a sentence by default allows for resentencing de novo, like when we vacate a defendant's criminal conviction. United States v. Martinez, 606 F.3d 1303, 1304 (11th Cir. 2010).  In contrast, when we issue a limited mandate with particular remand instructions, the district court is restricted to the issues outlined in the mandate.  United States v. Davis, 329 F.3d 1250, 1252 (11th Cir. 2003).  Unlike a general vacatur, a limited mandate does not "nullify all prior proceedings."  Id. (quotations omitted).

The mandate rule applies to rulings we make under the Sentencing Guidelines.  Amedeo, 487 F.3d at 830.  So, if we've already held that a defendant's objections to his sentence have no merit, other than the one we issued a remand on, the district court is foreclosed from addressing other sentencing issues previously raised.  United States v. Tamayo, 80 F.3d 1514, 1519-20 (11th Cir. 1996).

Here, the district court properly declined to consider Armas's objection to the loss-amount calculation upon resentencing.  As the record reveals, in our decision in Armas's first appeal, we affirmed Armas's sentences in part, but held

3

that the district court had erred in applying a two-level role enhancement because it did not make the requisite factual findings. United States v. Armas, 712 F. App'x 923, 926 (11th Cir. 2017) (unpublished). We then vacated and remanded his 87-month total sentence for resentencing without the enhancement, instructing that, "[o]n remand, the parties may raise their arguments regarding the § 3553(a) factors and Armas's alleged aggravating conduct." Id. at 927. As for Armas's challenge to the loss amount, we declined to review it because his sentencing counsel had invited any error in its calculation. Id. at 929.

In the instant appeal, Armas argues that the district court erred when it determined that it was unable to consider his challenge to the loss-amount calculation in light of our mandate, which provided that the district court could consider arguments regarding the § 3553(a) factors. We disagree.

As the record reveals, our original decision issued a limited mandate, which expressly limited the district court from resentencing Armas without the role enhancement. Because the mandate was limited and not general, the district court was only permitted to resentence Armas without the enhancement. See Davis, 329 F.3d at 1252. While Armas correctly notes that our mandate instructed the district court to consider the § 3553(a) factors at resentencing regarding Armas's aggravating conduct, this holding was in the context of determining whether Armas's role enhancement was improperly applied to his guideline range the first

4

time around.  Armas, 712 F. App'x at 926-27.  In other words, the letter and spirit of our mandate indicated that Armas was permitted to argue that his potential role as a leader and organizer no longer was an aggravating factor in determining a reasonable sentence under § 3553(a), since the district court would not be applying the role enhancement on remand.  See Mesa, 247 F.3d at 1170.

It is also worth noting that Armas's challenge does not fall into the three exceptions to the mandate doctrine.  There was no trial in this case and thus no new evidence regarding the loss amount.  See Amedeo, 487 F.3d at 830.  Armas does not argue that there is new controlling authority that reverses our previous decision, nor does he argue that our determination that his sentencing counsel invited any error in his loss amount was clearly erroneous.  See id.; Jernigan, 341 F.3d at 1283 n.8.  Accordingly, our review of the entire record establishes that the district court faithfully and properly complied with our limited mandate in resentencing Armas.  See Amedeo, 487 F.3d at 830.

What's more, the district court was barred from considering Armas's challenge under the law-of-the-case doctrine.  We already determined in Armas's first appeal that Armas's challenge to his loss amount was unreviewable and affirmed the district court's judgment as to the application of that enhancement.  Armas, 712 F. App'x at 929.  Because the district court was bound by our previous decision on the enhancement, the district court would have violated the law-of-the-

case doctrine if it had revisited the loss-amount calculation.  See <u>Amedeo</u>, 487 F.3d at 829-30; <u>Tamayo</u>, 80 F.3d at 1519.  Nor was the district court required to consider Armas's challenge to his loss amount to avoid future litigation of the issue in a § 2255 proceeding.  As we already held in our first decision, Armas's challenge to his sentencing counsel's performance -- including to his counsel's invited error on the loss amount issue -- appropriately would be brought in a future motion to vacate.  <u>Armas</u>, 712 F. App'x at 929-30.

**AFFIRMED**.