[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10633

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RYAN K. NOBLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:20-cr-00068-MCR-1

_____

Before WILSON, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

In 2020, a federal grand jury indicted Noble on two counts: (1) distributing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1); and (2) possessing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). Noble pleaded guilty as charged. The district court sentenced Noble to a prison term of 144 months. Noble now appeals his sentence, arguing that the district court improperly applied a five-level sentencing enhancement to his base offense level. Because the district court did not err, we affirm.

## I.

On October 21, 2020, Noble pleaded guilty to one count of distributing child pornography and one count of possessing child pornography. The presentence investigation report (PSI) recommended that the district court impose the five-level enhancement under U.S.S.G.§ 2G2.2(b)(5). The PSI made this recommendation because Noble engaged in a pattern of activity involving the sexual abuse or exploitation of a minor on two or more separate instances. *See* § 2G2.2, application notes (n.1) (explaining that a pattern of activity results from any combination of two or more separate instances of the sexual abuse or exploitation of a minor by the defendant). The PSI recommended the enhancement based on conversations that Noble exchanged over the social media platform Instagram with two different users.

Noble objected to this enhancement, contending that there was insufficient evidence to demonstrate that under § 2G2.2 his conversations with these users "involved anything other than the distribution of child pornography, conduct excluded from the definition of 'sexual abuse or exploitation.'" The government responded to Noble's objection to the § 2G2.2(b)(5) enhancement by filing a letter to which it attached three exhibits. Each exhibit was a printout of a separate conversations over Instagram between Noble and adult women regarding each woman's child. Noble did not object to the factual accuracy of the exhibits.

During sentencing, the government argued that the district court should impose the § 2G2.2(b)(5) enhancement because in each conversation Noble attempted to convince women to sexually abuse their respective child. The first exhibit was a conversation between Noble and an Instagram user called "justnitnee." In this exchange, Noble requested that "justnitnee" produce videos of children wearing sexy clothing. "Justnitnee" and Noble settled upon a price of $700 for these videos. Noble also requested a photo of a child to which "justnitnee" sent one of a child appearing to be under the age of two. Noble conceded that this conversation counted as one instance of an attempt to commit an unlawful act under the guidelines.

The second and third exhibits are conversations between Noble and another Instagram user called "smokingkittens2011." In the first conversation, Noble encouraged "smokingkittens2011" to sexually abuse her child and offered money to show that he was

"serious" about his request.  In the second conversation, Noble again encouraged "smokingkittens2011" to sexually abuse her child.  "Smokingkittens2011" initially agreed to fulfill Noble's requests.  However, she changed her mind because her son was "just too young right now," to which Noble responded that the whole point was to "start him young," and to "corrupt him" regarding sexual pleasure.

The district court held that Noble qualified for a five-level enhancement based on two separate instances of sexual abuse or exploitation of a minor by the defendant.  The first qualifying instance—which Noble conceded was a qualified activity under the guidelines—was his conversation with "justnitnee."  The second qualifying instance was the first conversation Noble had with "smokingkittens2011."

On appeal, Noble again concedes that his conversation with "justnitnee" was one of two necessary instances of conduct warranting the enhancement.  Noble maintains, however, that his first conversation with "smokingkittens2011" was not a second qualifying instance of conduct warranting the enhancement.  Noble reasons that the government failed to prove by a preponderance of the evidence that Noble's conduct amounted to a pattern of "sexual abuse or exploitation."  Noble therefore argues that the district court erred in finding that his first conversation with "smokingkittens2011" qualified as conduct warranting application of the enhancement.

## II.

We review the district court's factual findings for clear error. *See United States v. Foster*, 155 F.3d 1329, 1331 (11th Cir. 1998). A factual finding is clearly erroneous if, after reviewing all the evidence, we are left with a definite and firm conviction that a mistake has been made. *Id.* Further, we review the district court's interpretation of sentencing guidelines and its application to the facts de novo. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014).

The government bears the burden of establishing the facts necessary to support a sentencing enhancement by a preponderance of the evidence. *United States v. Askew*, 193 F.3d 1181, 1183 (11th Cir. 1999). District courts may base their findings of fact on undisputed statements in the PSI and facts admitted by a defendant's plea of guilty. *United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir. 1989).

Under the United States Sentencing Guidelines, a five-level enhancement applies if the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. § 2G2.2(b)(5). "Pattern of activity involving the sexual abuse or exploitation of a minor" is defined as any combination of two or more separate instances of sexual abuse or sexual exploitation of a minor by the defendant, whether the abuse or exploitation "(A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct." § 2G2.2, application

notes (n.1).  Further, "Sexual abuse or exploitation" includes conduct that violates 18 U.S.C. § 2422(b).  *Id.*  This court has held that under 18 U.S.C. § 2422(b) "[i]t is a federal crime to use the internet to knowingly attempt to persuade, induce, entice, or coerce a minor to engage in unlawful sexual activity."  *United States v. Hornaday*, 392 F.3d 1306, 1308 (11th Cir. 2004).

## III.

On appeal, Noble argues that the court improperly calculated his offense level by adding a five-level enhancement under § 2G2.2(b)(5) for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor.  Noble argues that the proper calculation would have resulted in a guideline range of 151-188 months.  He concedes that his conversation with "justnitnee" was one instance of sexual abuse or exploitation of a minor since it was an attempt to commit an unlawful act of sexual abuse or exploitation as defined in the application notes to § 2G2.2.  However, he contends on appeal that his first conversation with "smokingkittens2011" is not conduct that meets the requirements necessary to create a pattern of activity justifying a five-level enhancement under § 2G2.2(b)(5).

Noble argues that the conversation with "smokingkittens2011" did not contain a request nor result in an agreement for the mother to commit sexual abuse against her child.  Noble therefore argues that his exchange with "smokingkittens2011" was not an attempt to engage in the sexual abuse or exploitation of a minor and cannot be used to demonstrate a pattern of activity justifying

21-10633                Opinion of the Court                7

the five-level enhancement to Noble's guidelines offense level. To the contrary, Noble argues that he did not "cross the line between sexual banter and persuasion" as this court provided in *United States v. Rothenberg* because his conversation with "smokingkittens2011," did not include an explicit request for her to sexually abuse her child. *See* 610 F.3d 621, 627 (11th Cir. 2010). As such, there was insufficient evidence to establish Noble attempted to violate § 2422(b) and, therefore, he should not receive a five-level offense enhancement.

In response, the government argues that the district court properly imposed the five-level enhancement during sentencing because Noble attempted to persuade the "smokingkittens2011" to "start [her son] young" with sexual abuse and to "corrupt him" through sexual pleasure. As such, Noble's conversations documented in the government's exhibits—in which Noble encourages mothers to sexually abuse their minor children for pay—constitute a pattern of activity warranting the enhancement.

Here, the district court did not clearly err in imposing the five-level enhancement for Noble's engagement in a pattern of activity where it based its findings of fact on undisputed statements in the PSI and facts admitted by a defendant. *Wilson*, 884 F.2d at 1356; *see, e.g., United States v. Alberts*, 859 F.3d 979, 981 (11th Cir. 2017) (affirming the district court's application of the five-level enhancement where PSI showed that defendant admitted to sexually abusing minors in the past did and did not challenge the factual accuracy or the characterization of his admission). Further, the

district court reasoned that there is no meaningful distinction between a request attempting to persuade another adult to abuse a minor and such a request coupled with another request to film the abuse. *See, e.g., Rothenberg*, 610 F.3d at 623 (upholding five-level enhancement because online conversations may cross the line from sexual banter to enticement, persuasion, or inducement where defendant encourages other adults to sexually abuse minors). Our review of the record reinforces the district court's findings.

The record shows that Noble attempted to persuade "smokingkittens2011" that her son could feel sexual pleasure if she "touched him the right way." When she refused because she "would rather have [her] child be mentally stable," Noble offered her money to show her how "serious" he was about his request. Even if Noble was only engaging in sexual banter when he told "smokingkittens2011" that her son could feel sexual pleasure if she "touched him the right way," Noble crossed the line from sexual banter to an attempt to entice, persuade, or induce sexual abuse of a minor when he offered her payment in exchange for her agreement to act upon his request to abuse her son. *See Rothenberg*, 610 F.3d at 623.

The record contains sufficient facts to establish that Noble engaged in two instances of conduct sufficient to create a pattern of activity involving the sexual abuse or exploitation of a minor" under § 2G2.2(b)(5). As such, it is proper to subject Noble to a five-level enhancement. The district court did not clearly err in its

factual findings, nor did it err in applying its findings to the sentencing guidelines.  Accordingly, we affirm.

**AFFIRMED.**