[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13138

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOHN ERNST TENNANT, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:20-cr-00037-AW-GRJ-1

_____

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

John Ernst Tennant, Jr. appeals his sentence for producing, receiving, and possessing child pornography. He argues that the district court improperly applied a five-level enhancement to his sentence under U.S.S.G. § 2G2.2(b)(5) because the acts of production of child pornography that the court relied upon to find a pattern of activity involving sexual abuse or exploitation of a minor were part of the charged conduct in the indictment and potentially involved the same child. Because Mr. Tennant's arguments run contrary to the Sentencing Guidelines[1] commentary and our precedent, we affirm.[2]

I

In 2020, Mr. Tennant was indicted on and found guilty of, among other things, one count of production of child pornography in violation of 18 U.S.C. § 2251(a). After trial, a probation officer prepared a presentence investigation report detailing the offense

---

[1] Mr. Tennant further asserts that the district court's procedurally erroneous decision to apply the § 2G2.2(b)(5) sentencing enhancement resulted in the imposition of a substantively unreasonable sentence. Because we affirm the application of the enhancement, that latter argument fails.

[2] We assume the parties' familiarity with the facts and procedural history and set out only what is necessary to explain our decision. As to issues not discussed, we summarily affirm.

conduct. As relevant here, the PSR noted that Mr. Tennant produced at least five images of child pornography. These sexually exploitative photographs included two different images depicting the same child—K.H.—taken on November 12, 2001, and October 31, 2001, and a third image depicting an unidentified child taken on March 13, 2000.

The PSR recommended a five-level sentencing enhancement under U.S.S.G. § 2G2.2(b)(5) based upon Mr. Tennant's production of these sexually exploitative images, as well as a Florida case from 1991 where Mr. Tennant was accused of molesting a three-year-old girl. Mr. Tennant submitted several objections to the guidelines calculation in the PSR, including the application of the five-level enhancement under § 2G2.2(b)(5). Specifically, Mr. Tennant objected to any reliance on the 1991 case because he was never arrested or prosecuted on the allegations against him.

At the sentencing hearing, the district court agreed with Mr. Tennant on the latter point and expressly did not consider the 1991 allegations. But the district court disagreed with his arguments that (i) the § 2G2.2(b)(5) enhancement should not apply if the instances of sexual abuse captured in the photographs "involve[d] the same child" and (ii) the government had not proven otherwise. *See* D.E. 94 at 9–12. The district court found that § 2G2.2(b)(5) only required that the photos demonstrate Mr. Tennant committed separate acts of sexual abuse of a minor and that the photographs indeed depicted Mr. Tennant abusing two different children on separate occasions.

Ultimately, the district court adopted the PSR's guideline calculation, including the § 2G2.2(b)(5) enhancement. In doing so, the district court explicitly noted that it was imposing a sentence it "would have imposed even if [the court] agreed with [Mr. Tennant] on the pattern or practice enhancements[.] So, even if you took off the 10 points . . . it still would have been the same sentence because . . . anything less, given the seriousness of the offense . . . would have been insufficient." D.E. 94 at 38–39.

## II

We review the district court's factual findings at sentencing for clear error. *See United States v. Foster*, 155 F.3d 1329, 1331 (11th Cir. 1998). A factual finding is clearly erroneous if, after reviewing all the evidence, we are left with a definite and firm conviction that a mistake has been made. *See id.* We review the district court's interpretation of the sentencing guidelines issues and its application of the guidelines to the facts *de novo*. *See United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014).

## III

Mr. Tennant challenges the § 2G2.2(b)(5) enhancement for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor. He argues that the district court improperly relied on testimony from government witnesses who stated that the images depicted "the sexual abuse of arguably the same child in the years 2000 and 2001[.]" Appellant's Br. at 13. He further

asserts that the photographs cannot form the basis for enhancement because that conduct was already charged in the indictment.

## A

The Sentencing Guidelines impose a five-level enhancement on a defendant convicted of distributing child pornography under 18 U.S.C. § 2252A if the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. *See* U.S.S.G. § 2G2.2(b)(5). That five-level enhancement can be applied to a defendant if his conduct violated 18 U.S.C. § 2251(a). *See id.* Under that statute, anyone who "employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . shall be punished as provided under subsection (e)." 18 U.S.C. § 2251(a).

The commentary to U.S.S.G. § 2G2.2 explains that the term "pattern of activity involving the sexual abuse or exploitation of a minor" means any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, regardless of whether the abuse or exploitation "(A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct." *Id.* at cmt. n.1. "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. U.S.*, 508 U.S. 36, 38 (1993).

We have explicitly held that a defendant's current offense of conviction may be relied upon as one of the instances forming a pattern of activity involving the sexual abuse or exploitation of a minor. *See United States v. Rothenberg*, 610 F.3d 621, 625 & n.5 (11th Cir. 2010) (noting that, in the comments to § 2G2.2(b)(5), "the term 'pattern of activity' . . . is defined to include any two or more occasions of prohibited sexual conduct whether or not such conduct occurred during the course of the instant offense"). And, as Mr. Tennant conceded at his sentencing hearing, we have also held that a § 2G2.2(b)(5) enhancement is properly applied to a defendant who sexually abuses the same child on two separate occasions. *See United States v. Isaac*, 987 F.3d 980, 994 (11th Cir. 2021) (further finding a pattern of abuse because the conduct "occurred on two different days" and was, therefore, "not continuous").

## B

As an initial matter, we conclude that it was not clear error for the district court to find that Mr. Tennant produced both the March 2000, and October 2001 and November 2001 photographs. The government introduced evidence demonstrating that (i) the photographs were taken with the same camera used to photograph Mr. Tennant's wife and the interior of Mr. Tennant's home in 2001; (ii) Mr. Tennant's wife identified his hand and stomach in a sanitized copy of the sexually exploitative photographs of K.H.; and (iii) the photographs were stored with other images of child pornography on an external hard drive located in Mr. Tennant's office. Both Mr. Tennant's wife and K.H.'s mother, moreover, testified that

K.H. was staying in the daycare operated inside of Mr. Tennant's home during the time the photographs of K.H. were taken in October and November 2001. And though the toddler in the March 2000 photograph could not be identified, floral furniture in the photograph matched a piece of floral furniture that was in Mr. Tennant's home around the same period of time.

The district court did not err in imposing the five-level enhancement under § 2G2.2(b)(5). *See* U.S.S.G. § 2G2.2 cmt. n.1; *Isaac*, 987 F.3d at 994. As Mr. Tennant has already conceded, a defendant has engaged in a pattern of sexually abusive activity of a minor where that activity occurred on "at least two separate occasions." *Isaac*, 987 F.3d at 994. The activity does not need to involve two different victims. *See id.* Therefore, the district court's finding that Mr. Tennant produced the images of child pornography in March 2000 and October 2001—without more—is enough to support the application of the § 2G2.2 enhancement. *See id.*

Finally, the district court was free to rely on the child pornography produced by Mr. Tennant in March 2000 and October 2001 when deciding whether to apply the § 2G2.2(b)(5) enhancement, even if those images were produced in connection with the underlying criminal conviction. *See* § 2G2.2 cmt. n.1. Mr. Tennant asserts that our decision in *United States v. Turner*, 626 F.3d 566, 573 (11th Cir. 2010), holds otherwise, but he misunderstands that case. There, we held that the district court could not rely on the offense of conviction to support the enhancement because the defendant was convicted of receipt and possession of child

pornography—not production of child pornography. *See id.* at 568-69. Because the commentary to § 2G2.2(b)(5) expressly states that receipt or possession offenses do not constitute sexual abuse or exploitation of a minor for purposes of the sentencing enhancement, we observed that the underlying offense of conviction for the defendant in *Turner* could not form the basis for that particular enhancement. *See id.*

Here, Mr. Tennant was convicted of receipt, possession, and *production* of child pornography. Production offenses are expressly included as examples of "sexual abuse or exploitation of a minor" under the guidelines and specifically contemplated in the commentary to § 2G2.2. Accordingly, Mr. Tennant's argument fails on this front as well.

## IV

In sum, the district court did not err in applying the enhancement under § 2G2.2(b)(5). The record reflects that Mr. Tennant produced child pornography on at least two separate occasions. Based on our precedent, that suffices to establish a pattern of activity of sexually abusing minors. Accordingly, we affirm Mr. Tennant's sentence.

**AFFIRMED.**